# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:21-CV-182 |
| | § | |
| AFG FUNDING, LLC, AND | § | |
| MEHRDAD HERAVI AKA | § | |
| SIA HERAVI, | § | |
| | § | |
| Defendants. | | |

### DEFENDANTS AFG FUNDING, LLC AND MEHRDAD HERAVI'S AMENDED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants AFG Funding, LLC and Mehrdad Heravi aka Sia Heravi ("Defendants") respectfully move this Court for an order dismissing Plaintiff Brandon Callier's ("Plaintiff") amended complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, Defendant submits the following incorporated memorandum of law.

### I. SUMMARY

Plaintiff's amended complaint in this matter is premised on threadbare allegations that Defendant called him in violation of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A)(iii), Delivery Restrictions 47 CFR § 64.1200 ("Delivery Restrictions"), and § 302.053 and § 302.101 of the Texas Business & Commerce Code. Plaintiff's amended complaint contains numerous facial deficiencies that fail to make out a legitimate claim.

To adequately plead a claim for violation of the TCPA or Delivery Restrictions, Plaintiff must allege that Defendant used an Automatic Telephone Dialing System ("ATDS") or an artificial or prerecorded voice to call him without his consent. Plaintiff did not allege an artificial or prerecorded voice was used to call him as he states that he interacted with a live person in each

phone call he answered. Plaintiff instead alleged without factual basis that the calls were autodialed. *See* Amended Complaint, ¶¶ 28-35.

Plaintiff's claims in their entirety should be dismissed with prejudice. Plaintiff at no point demonstrates that an ATDS, a necessary element under the TCPA and Delivery Restrictions as per Plaintiff's amended complaint, was used. Defendant did not use an ATDS to contact Plaintiff. Plaintiff's own factual allegations indicate that Defendant did not use a random or sequential number generator to contact him. Plaintiff failed to provide any facts to support that the alleged calls and text messages were made with an ATDS.

In April of this year, the United States Supreme Court resolved a circuit court split regarding the definition of an ATDS and confirmed that the "definition of an auto dialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021) ("*Facebook*"). Plaintiff's claims fail because he completely ignores the Supreme Court's ruling in *Facebook*.

Plaintiff's only references to an ATDS in the factual allegations of his amended complaint were bald and conclusory statements, without any factual support, that the calls were autodialed. *See* Amended Complaint ¶¶ 28-35. This allegation contradicts his previous allegation that "Defendant Heravi personally participated in the telemarking and solicitation by calling Plaintiff and sending Plaintiff multiple text messages from his cell phone." *See* Amended Complaint ¶ 27. Without any facts demonstrating the actual use of an ATDS, as defined in *Facebook*, Plaintiff's allegations that the phone calls were autodialed are merely conclusory and speculative.

Furthermore, Plaintiff states that he spoke with a live agent, a representative of Defendants, on numerous occasions, never told Defendants to cease communications, never informed Defendants that he was on the Do Not Call Registry, and even attempted to qualify for a business loan, asked to be transferred to a "Funding Manager", and provided Defendant AFG Funding, LLC his e-mail address for further contact. *See* Amended Complaint, ¶¶ 30 and 32.

Plaintiff has engaged in a tactic to bait businesses by contacting them and expressing interests in their products or services. Then once the business initiates reciprocal contact, Plaintiff adds up phone calls and text messages and follows through with a TCPA lawsuit. The Plaintiff has a history and pattern of this kind of bad faith litigation. This is not the first time. In fact, a Lexis Nexis case search shows that Plaintiff has filed thirty-six (36) *Pro Se* lawsuits in the Western District of Texas. This shows Plaintiff's pattern of abusive and bad faith litigation where he essentially weaponizes the Federal Court system to squeeze money out of businesses. *See* attached Exhibit A, a printout Lexis Nexis lawsuits filed by Plaintiff.

Plaintiff, furthermore, states that Defendants contacted him using a spoofed number. He has not alleged any facts to infer the phone numbers were spoofed. Plaintiff, similar to his allegations that his phone number was repeatedly autodialed, speculates that the phone numbers were spoofed because they were different phone numbers.

Defendants deny any use of an ATDS, but the Court does not even need to reach this determination as Plaintiff's allegations fail to state a claim under the recent ruling in *Facebook*.

Plaintiff had failed to allege any facts that support his conclusory allegations of the use of an ATDS by Defendants. Accordingly, Plaintiff's amended complaint should be dismissed with prejudice in its entirety pursuant to the Fed. R. Civ. P. 12(b)(6).

## II. **FACTUAL BACKGROUND**

On August 9, 2021, Plaintiff filed the instant action for violation of the TCPA, Delivery Restrictions and § 302.053 and § 302.101 of the Texas Business & Commerce Code in federal court. Plaintiff claims that he received twenty-two (22) phone calls from Defendants in violation of the TCPA, Delivery Restrictions, and the Texas Business & Commerce Code. *See* Amended Complaint, ¶ 51. Plaintiff alleges that Defendants autodialed Plaintiff using spoofed numbers, but Plaintiff has not alleged facts plausibly demonstrating that Defendant used an ATDS in violation of the TCPA, Delivery Restrictions, and the Texas Business & Commerce Code.

Plaintiff fails to demonstrate that his phone number was randomly or sequentially generated and dialed as his facts support targeted dialing. Plaintiff does not allege that each call he answered began with a click followed by a brief silence, an artificial or prerecorded voice, or any other facts that support a valid claim.

### III.  DEFINITION OF AN ATDS

**The United States Supreme Court's Decision in *Facebook***

On April 1, 2021, the Supreme Court issued its decision. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). The Supreme Court held that the clause "using a random or sequential number generator" in the statutory definition of ATDS, 47 U.S.C. § 227(a)(1), modifies both "store" and "produce," thereby "specifying how the equipment must either 'store' or 'produce' telephone numbers." *Id.* at 1169. Thus, "a necessary feature of an autodialer under § 227(a)(1)(A) is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Id.* at 1173. Rejecting the "broad" definition of an ATDS, the Supreme Court clarified, "a necessary feature of an autodialer under § 227(a)(1)(A) is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called. "*Timms v. USAA Fed. Sav. Bank*, No. 3:18-cv-01495-SAL, U.S. Dist. LEXIS 108083, at *6 (D.S.C. June 9, 2021) (quoting *Facebook, Inc. v. Duguid*, 141 S. Ct. at 1173).

### IV.  LEGAL STANDARD FOR MOTION TO DISMISS

Dismissal is appropriate under Rule 12(b)(6) where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully."

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. "Nor does a complaint suffice if it tenders 'naked assertion(s)' devoid of 'further factual enhancement.'" *Id*.

## V. LEGAL ARGUMENT

### A. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECUASE PLAINTIFF BALDLY ALLEGES ATDS USE

**Plaintiff Fails to Plead the Required ATDS Element of His Claims**

Plaintiff fails to adequately allege that Defendant used equipment that qualifies as an ATDS post-*Facebook*. Plaintiff only made conclusory references in speculation in his factual allegations that Defendants "autodialed" Plaintiff's phone number, without providing any factual support. Plaintiff altogether ignores the *Facebook* decision and the type of telephone technology considered to be an ATDS post-*Facebook*. Instead, Plaintiff pleads that he was called as part of a targeted campaign which is contrary to the requirement that an ATDS use a "random or "sequential" number generator. For these reasons alone, the Court should dismiss the Plaintiff's claims.

Courts have consistently held that bald allegations like Plaintiff's, which lack context about alleged tortious calls, are insufficient to plead a claim for violation of the TCPA based on ATDS use. While a court need not require that a plaintiff plead facts as to the technical specifications of the type of call system used by the defendant, it also cannot be the case that

every barebones TCPA claim can survive a motion to dismiss with conclusory allegations about unwanted calls. *Watts v. Emergency Twenty Four, Inc.*, No. 20-cv-1820, 2021 U.S. Dist. LEXIS 115053, at *13 (N.D. Ill. June 21, 2021) (quoting *Perez v. Quicken Loans, Inc.*, No. 19-cv-2072, 2020 WL 1491145, *3 (N.D. Ill. March 27, 2020) ("plaintiff's allegations [were] too thin to support an inference that defendant used an ATDS to make the calls about which plaintiff complain[ed]."); *see Mosley v. General Revenue Corporation*, No, 1:20-cv-01012, 2020 WL 4060767, *3 (C.D. Ill. July 20, 2020) ("The Court rejects the inference that a claim is plausible because a plaintiff merely alleges the dialer system has the capacity to randomly or sequentially generate numbers, without any factual basis for such allegations."); *see also Curry v. Synchrony Bank, N.A.*, No. 1:15CV322- LG-RHW, 2015 U.S. Dist. LEXIS 153131, at *5-7 (S.D. Miss. Nov. 12, 2015) (Finding that because contextual details were not alleged, the plaintiff had not stated a plausible claim for relief under the TCPA § 227).

To survive the pleading stage post-*Facebook*, a plaintiff must allege that whether storing or producing numbers to be called, the equipment in question *used a random or sequential number generator to call his cell phone*. *Facebook, Inc. v. Duguid*, 141 S. Ct. at 1170 (Emphasis added); *see also e.*g., *McEwen v. Nra. Of Am. Infocision*, No. 2:20-cv-00153- LEW, 2021 U.S. Dist. LEXIS 72133, *20 (D. Me. Apr. 14, 2021) ("After the *Duguid* opinion, the ATDS portion of the claim requires an allegation that [defendant] used a random or sequential number generator to place a call to Plaintiff's cellphone") (Emphasis added).

As such, Plaintiff's only allegations, which were entirely speculative and conclusory, are fatal to his TCPA and Delivery Services claims.

Moreover, Plaintiff had engaged Defendants' agents and sought to be qualified for a business loan. Plaintiff even provided Defendants with his e-mail address and asked for further contact. *See* Complaint, ¶¶ 30 and 32. Defendant's use of a specific strategy to determine who to call indicates that Plaintiff's telephone number was not randomly or sequentially generated; it was intentionally selected based on criteria identified by Defendants. In conjunction with the fact that Plaintiff was allegedly called twenty-two (22) times, the reasonable inference to be

drawn is that Defendants make calls with the intention to reach certain individuals – including Plaintiff – not randomly or sequentially dialed customers.

### B. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE TCPA

#### 1. Section 227(c)(5) Applies to Residential Phones, Not Cell Phones

Plaintiff's Section 227(c)(5) claim fails because that section only applies to residential phones, not wireless numbers. The language of the TCPA specifically provides that the regulations implemented pursuant to Section 227(c) concern only "the need to protect residential telephone subscribers' privacy rights." 27 U.S.C. § 227(c)(1). Further, the plain language of the regulation relied on provides: "No person or entity shall initiate any call for telemarketing purposes to a *residential telephone subscriber* unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d) (emphasis added). Limiting the redress for violations of the TCPA to residential telephone subscribers.

In his Amended Complaint, Plaintiff alleged that the "calls were to the Plaintiff's cellular phone 915-245-4374". *See* Amended Complaint, ¶ 63. Therefore, Plaintiff's phone number is not a residential line which puts him outside of the meaning of "residential telephone subscriber."

### C. PLAINTIFF'S TEXAS BUSINESS AND COMMERCE CODE CLAIM CANNOT SURVIVE

It has been established that Plaintiff's allegations are insufficient to prove a violation to the federal TCPA. As such, Plaintiff's claim under Section 305.053 of the Texas Business and Commerce Code (the "Texas TCPA") also fails. That is because the Texas TCPA requires that only a person who receives a communication that violates 47 U.S.C. Section 227 may bring an action against the person who originates the communication. Tex. Bus. & Com. Code § 305.053(a). Plaintiff incorporates all of the same facts used to support the federal TCPA claim to support the Texas TCPA claim. *See* Amended Complaint, ¶ 20. The pleading decencies

already addressed by Defendant herein are applicable to establishing that no violation of the Texas TCPA has occurred.

There cannot be a claim for violation of the Texas TCPA without an underlying valid federal TCPA claim. *See Cherkaoui v. Santander Consumer USA, Inc.,* 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("As [plaintiff] did not violate the TCPA, [plaintiff] also did not violate related Texas state law claims arising under the Texas Business and Commercial Code § 305.053 ('Texas TCPA'). The Texas TCPA prohibits only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA."). Plaintiff's Texas TCPA claim therefore cannot survive on this basis alone.

Based on the foregoing, Plaintiff's amended complaint should be dismissed with prejudice.

## VI.
## CONCLUSION

For the foregoing reasons, Defendants respectfully moves this Court for an order dismissing this lawsuit with prejudice.


DATED: January 7, 2022 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**JAFFER & ASSOCIATES, PLLC**

　　　　　　　　　　　　　　　　　　　　*/s/ Shawn Jaffer*
　　　　　　　　　　　　　　　　　　　　**Shawn Jaffer**
　　　　　　　　　　　　　　　　　　　　Bar No.: 24107817
　　　　　　　　　　　　　　　　　　　　**Allen Robertson**
　　　　　　　　　　　　　　　　　　　　Bar No.: 24076655
　　　　　　　　　　　　　　　　　　　　15851 Dallas Pkwy Ste. 600
　　　　　　　　　　　　　　　　　　　　Addison, TX 75001
　　　　　　　　　　　　　　　　　　　　Phone:　　214-494-1871
　　　　　　　　　　　　　　　　　　　　Fax:　　　888-530-3910
　　　　　　　　　　　　　　　　　　　　E-mail:　　attorneys@jaffer.law
　　　　　　　　　　　　　　　　　　　　***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 7, 2022, a true and correct copy of the foregoing was served via E-mail upon parties of record:

                                                */s/ Shawn Jaffer*
                                                **Shawn Jaffer**